UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE TRUE VINE, LLC, | No. C 09-1328 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| THE WINE GROUP LLC, | **Re: Plaintiff's Motion to Amend Federal Trademark Registration** |
| Defendant. | |

Plaintiff One True Vine, LLC, has brought this action against defendant The Wine Group LLC, alleging violation of plaintiff's trademark. Plaintiff now brings a motion to amend its federal trademark registration. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

The parties are both wine producers. Plaintiff One True Vine, LLC, is a company based in St. Helena, California. According to the complaint, plaintiff has marketed and sold certain wine varietals under the "LAYER CAKE" trademark at least as early as July 1, 2006. Defendant The Wine Group LLC is a company having its principal place of business in Tracy, California. It markets and sells certain wines under the label of "Cupcake Vineyards."

Plaintiff filed an intent-to-use application for the LAYER CAKE mark with the United States Patent and Trademark Office (USPTO) on March 26, 2006. In its application, plaintiff stated that it

intended to use the mark in connection with "white wine, red wine." The USPTO published the LAYER CAKE mark for opposition on August 16, 2006. The opposition period closed, and the LAYER CAKE mark was allowed on November 28, 2006. On November 27, 2007, plaintiff submitted to the USPTO its Statement of Use of the LAYER CAKE mark and a supporting declaration.

Plaintiff now admits that it does not now sell, and has never sold, white wines under the LAYER CAKE mark. Plaintiff has only sold red wines under the LAYER CAKE mark. Plaintiff contends that it did not realize that the Statement of Use included "white wine, red wine" and not merely "wine."

On October 5, 2007, defendant filed an application to register the "CUPCAKE" mark for use in connection with "wine." The USPTO published the CUPCAKE mark for opposition on February 13, 2008. On May 9, 2008, during the opposition period, plaintiff sent defendant a letter demanding that defendant abandon its application to register the CUPCAKE mark and cease using the CUPCAKE mark on its wines. When defendant made no move to do so, plaintiff opposed the registration of the CUPCAKE mark before the USPTO's Trademark Trial and Appeal Board (TTAB), on August 29, 2008. After determining that plaintiff never sold white wine under the LAYER CAKE mark, defendant moved, on March 16, 2009, to amend its answer to plaintiff's notice of opposition before the TTAB to include a counterclaim for cancellation. This counterclaim was based upon allegations that plaintiff obtained its trademark registration fraudulently.

On March 26, 2009, plaintiff filed the instant action. On April 9, 2009, the TTAB suspended proceedings pending final disposition of this action. Defendant answered and counterclaimed for cancellation based on fraud on April 10, 2009. On May 4, 2009, Defendant filed a motion for summary judgment as to its counterclaim of fraud on the USPTO. The motion was denied. Docket No. 32 (Order Denying Motion for Summary Judgment).

Plaintiff filed the instant motion to amend its federal trademark registration on September 21, 2009. It asks the court order the USPTO to delete "white wine" from the federal trademark register because the register inaccurately reports use of the trademark in connection with "white wine."

Once amended, the register would accurately put the public on notice of the goods that are associated with the mark. Plaintiff states that it is unable to obtain this relief from the USPTO because the TTAB proceeding currently pending between the parties has been suspended in deference to this action. Defendant opposes the motion.

LEGAL STANDARD

"Upon application of the registrant and payment of the prescribed fee, the [USPTO] Director for good cause may permit any registration to be amended or to be disclaimed in part: *Provided,* That the amendment or disclaimer does not alter materially the character of the mark." U.S.C. § 1057(e). This court has the authority to order the USPTO to amend a trademark registration:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119. *See also Philip Morris USA, Inc. v. King Mountain Tobacco Co., Inc.*, 569 F.3d 932, 944 (9th Cir. 2009) ("[U]nder federal law, the courts and the Patent and Trademark Office have concurrent jurisdiction over cancellation proceedings[.]").

DISCUSSION

Plaintiff seeks to amend its registration to delete "white wine" from the listed goods because plaintiff does not sell and has never sold white wine under the LAYER CAKE mark. This amendment would modify the listing of goods on which the mark is used in commerce to read "red wine" instead of "white wine, red wine." Plaintiff contends that it has good cause to amend the register because the register is a public document that provides notice to the public and should therefore be made accurate. Plaintiff further notes that such an amendment would alter only the list of products used in connection with the mark, not the mark itself.

Defendant does not argue that such an amendment would materially alter the character of the mark. Rather, defendant argues that the motion is "both too late and too early." According to

3

defendant, the proposed amendment is *too late* because plaintiff has failed to amend the registration in the past—and because plaintiff has already asserted the existing registration in the TTAB and in this court, as the basis for its infringement claim. Defendant points to no authority, however, suggesting the existence of a time limit on the court's authority to correct the register pursuant to the Lanham Act.

Defendant also argues that the proposed amendment is *too early*. This is so, according to defendant, because defendant's counterclaim to cancel plaintiff's registration has not yet been adjudicated. Defendant is apparently concerned that such an amendment will in some way moot or invalidate its counterclaim. Yet plaintiff cannot nullify a claim that it procured its trademark through fraud on the USPTO by now amending its trademark registration. If, as defendant alleges, plaintiff committed fraud on the USPTO, a *post hoc* amendment of the trademark register does not serve to moot or rectify such fraud. Granting the instant motion does not render the counterclaim moot. Accordingly, there is no reason not to amend the register to correct what all agree is erroneous information.

CONCLUSION

Plaintiff's motion to amend its federal trademark registration is GRANTED. The words "white wine" shall be deleted from the description of the products used in connection with plaintiff's "LAYER CAKE" trademark. The Clerk shall certify this order to the director of the U.S. Patent and Trademark Office, who shall make appropriate entry upon the records of that office. Nothing in this order precludes defendant from pursuing its counterclaim for cancellation of the federal trademark registration alleging fraud.

IT IS SO ORDERED.

Dated: Nov. 3, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4